NOT FOR PUBLICATION

UNTIED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CESAR PINA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Hon. Harold A. Ackerman |
| | ) | |
| | ) | Civil Action No. 05-4108 |
| JONATHAN C. MINER, Warden | ) | |
| Federal Correctional Institution | ) | OPINION and ORDER |
| Fairton, New Jersey, | ) | |
| | ) | |
| Respondent. | ) | |

Cesar Pina
Reg. No. 24926-050
FCI Fairton Camp
P.O. Box 420
Fairton, New Jersey 08320
*Pro Se*

**ACKERMAN, Senior District Judge**:

  This matter comes before the Court upon motion of Cesar Pina ("Petitioner"), for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated below the petition for a writ of habeas corpus is DISMISSED.

*Background*

  On July 23, 2003, Petitioner pled guilty to the offense of conspiracy to commit credit card fraud. This Court, on November 30, 2004, sentenced petitioner to 16 months imprisonment, to be followed by three years of supervised release. This Court ordered Petitioner remanded to custody on January 18, 2005, to commence service of his sentence, and Petitioner self-

surrendered on that date.

According to the Bureau of Prison's (BOP) calculation, Petitioner's sentence would fully expire on April 27, 2006, although his projected release date was February 24, 2006, due to good conduct time earned. "Prior to December 2002, the BOP regularly considered prisoners for [Community Corrections Center ("CCC")] placement for up to six months at the end of their sentence, regardless of the total sentence length." *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 240 (3d Cir. 2005). On January 10, 2005, however, BOP published new regulations interpreting 18 U.S.C. § 3624(c) to "limit CCC placement to the lesser of 10 percent of a prisoner's total sentence or six months, unless special statutory circumstances apply."[1] *Id*. Petitioner contends that this new "10% rule" is unlawful for two reasons. First, Petitioner argues that the rule is based on an erroneous interpretation of 18 U.S.C. § 3624(c).[2] Second, Petitioner suggests that he relied upon the earlier BOP policy in deciding to plead guilty, and contends that application of the 10% rule to him is impermissibly retroactive because the conduct leading to his conviction took place prior to the date the rule took effect.

Petitioner now seeks an order compelling Respondent to make a good faith determination as to his pre-release eligibility for placement in a CCC under the standards and criteria applied prior to institution of the 10% rule. Specifically, Petitioner seeks to be deemed eligible for

---

[1] The BOP is obligated to prepare prisoners for community re-entry by, *inter alia*, placing them in community confinement. 18 U.S.C. § 3624(c) (2006).

[2] In *Woodall*, decided after Petitioner filed his petition, the Third Circuit concluded that the "10% rule" conflicted with Congress's statutory directive, under 18 U.S.C. § 3621(b), that the BOP consider individualized factors in making placement and transfer determinations. 432 F.3d at 248-49. This precedent provides strong support for Petitioner's first argument. However, as discussed below, the Court need not reach the merits of either of Petitioner's claims.

placement in a CCC to serve the final six months of his sentence, and seeks to be transferred to such a facility on August 14, 2005.[3] As Petitioner has already been released from prison, and his sentence has expired, this Court is unable to grant Petitioner the relief he seeks. Accordingly, the petition will be dismissed as moot.

*Discussion*

Pina brings his petition pursuant to 28 U.S.C. § 2241, which confers habeas corpus jurisdiction over the petition of a federal prisoner challenging the execution of his sentence. *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). Section 2241 provides, in pertinent part, that "[t]he writ of habeas corpus shall not extend to a prisoner unless he is in custody under or by color of the authority the United States or is committed for trial before court thereof." 28 U.S.C. § 2241(c)(1) (2006).

The requirement that a petitioner be "in custody" "has been given a broad construction providing the federal writ with an expansive reach." *Kravits v. Pennsylvania*, 546 F.2d 1100, 1102 (3d Cir. 1977). The Third Circuit has stated that "persons whose liberty is restricted are 'in custody'" as that term is used in § 2241. *Barry v. Brower*, 864 F.2d 294, 296 (3d Cir. 1998) (citing *Jones v. Cunningham*, 371 U.S. 236, 243 (1963) (prisoner on parole is "in custody" for purposes of § 2241); *see also Johnson v. United States*, 529 U.S. 694, 710-11 (equating "parole" to "supervised release")). As Petitioner remains on supervised release, this Court may exercise jurisdiction over his petition.

---

[3] Although the petition does not include the date on which Petitioner learned that he would be placed in a CCC only for the last 40 days of his sentence, the Court notes that Petitioner filed his petition on August 12, 2005, only two days prior to the date on which he sought to be transferred to a CCC.

The petition, however, must be dismissed as moot. According to information obtained from the Bureau of Prisons, Petitioner was actually released from prison and began serving a three-year term of supervised release on February 24, 2006. Consequently, this Court can no longer address Pina's claims pertaining to the execution of his sentence.

The Third Circuit has stated that "a case becomes moot when the issues are no longer live or the parties lack a cognizable interest in the outcome." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698 (3d Cir. 1996). Because of Article III's "case or controversy" requirement, "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Id.* at 689-99.

Within the Third Circuit, however, there are four exceptions to the mootness doctrine. A court will not dismiss a case as moot if: "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit." *Chong v. INS*, 264 F.3d 378, 384 (3d Cir. 2001).

It is clear that in the instant matter the Court can no longer grant Pina the relief he seeks in his petition. Placement in a CCC is available only for incarcerated individuals nearing completion of their sentence. Pina's term of incarceration, however, concluded approximately 16 months ago. Although he remains on supervised release, and as such this Court maintains jurisdiction over his petition pursuant to § 2241, his request for relief is no longer justiciable. *See Johnson*, 529 U.S. at 710-11; *Barry*, 864 F.2d at 296.

Although Pina sought to be transferred to a CCC on August 14, 2005, the Court is unable to discern the date of his actual transfer, or the amount of time Petitioner spent in a CCC. The petition suggests that Pina expected to be placed in a CCC for a period of at least 40 days, and, although it is not significant to our analysis, the Court assumes that placement for such length of time occurred. Petitioner's personal stake in the outcome of his claim, however, was effectively eliminated upon his transfer to the CCC, and certainly eliminated upon the expiration of his term of incarceration. Even if Petitioner had not been placed in a CCC for any period of time prior to his release from prison, the Court is unable to grant Petitioner the relief he seeks, as his sentence has expired and he is no longer incarcerated.

Nor does this situation trigger any of the exceptions to the mootness doctrine. Petitioner has raised no argument with respect to these exceptions, and the Court is likewise unable to discern how any of the exceptions would be applicable in the instant matter. Accordingly, the petition must be dismissed.

### *Conclusion & Order*

For the foregoing reasons, it is hereby ORDERED that this petition for a writ of habeas corpus is DISMISSED. The Clerk should mark this matter closed.

Newark, New Jersey
Dated: June 14, 2007                                         /s/ Harold A. Ackerman
                                                             U.S.D.J.